IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **DEMARCUS KEYON COLE,** | ) |
| Petitioner, | ) |
| v. | ) Case No. 1:24-cv-01189-STA-jay |
| **VINCE VANTELL, WARDEN,** | ) |
| Respondent. | ) |

**ORDER DIRECTING RESPONDENT TO FILE RECORD AND RESPOND TO THE PETITION AND DIRECTING CLERK TO MODIFY THE DOCKET AND MAIL FORM**

On October 14, 2025, by and through counsel, Petitioner Robert Adams, Tennessee Department of Corrections ("TDOC") identification number 504215, who is incarcerated at the Morgan County Correctional Center ("MCCC")[1] in Wartburg, Tennessee filed a second or successive petition pursuant to 28 U.S.C. § 2254. (the "§ 2254 Petition", ECF No. 20.) The Clerk shall record the Respondent as Warden Shawn Phillips.[2]

It is **ORDERED**, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), that Respondent file a response/answer to the § 2254 Petition within twenty-eight (28) days. The answer shall include the complete state-

---

[1] *See* https://foil.app.tn.gov/foil/search.jsp (last accessed Oct. 15, 2025).
[2] The Clerk is **DIRECTED** to record the Respondent as Warden Shawn Phillips and to terminate Vince Vantell as a party to this action. *See* Fed. R. Civ. P. 25(d); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

court record, organized and appropriately indexed, as required by Administrative Order 16-31. *See* 28 U.S.C. § 2254(b)(1).[3] For each claim, the answer shall address the timeliness, state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses. Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the petitioner's argument that he is entitled to habeas relief on the claim with appropriately reasoned legal and factual argument.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service. Petitioner may request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the § 2254 Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

It is **ORDERED** that the Clerk shall send a copy of the petition (**ECF No. 20**) and this Order to the Respondent and the Tennessee Attorney General and Reporter by certified mail. *See* Habeas Rule 4.

It is **ORDERED** that the Clerk mail the parties the form for Notice, Consent, and Reference of A Civil Action to A Magistrate Judge (AO 85).

---

[3] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate. *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/sites/tnwd/files/LocalRules.pdf (last accessed Oct. 15, 2025).

**IT IS SO ORDERED**, this 15th day of October, 2025.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE