IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEMARCUS KEYON COLE,            ) | |
|                                  ) | |
|     Petitioner,            ) | |
|                                  ) | |
| v.            ) | Case No. 1:24-cv-01189-STA-jay |
|                                  ) | |
| SHAWN PHILLIPS, WARDEN,            ) | |
|                                  ) | |
|     Respondent.            ) | |

**ORDER GRANTING EMERGENCY MOTION TO REMOVE COUNSEL (ECF NO. 21) AND MOTION TO WITHDRAW AS COUNSEL (ECF NO. 28); DENYING MOTION FOR RELEASE ON BOND (ECF NO. 26)**
**ORDER OF REFERENCE FOR APPOINTMENT OF NEW COUNSEL**

On August 30, 2024, the United States Court of Appeals for the Sixth Circuit granted Petitioner Demarcus Cole's motion for authorization to file a second or successive 28 U.S.C. § 2254 habeas corpus petition, as well as his motion to appoint counsel. *See In re: Demarcus Cole*, No. 24-5206 (6th Cir. Aug. 30, 2024) (case no. 1:17-cv-01075-STA-jay, ECF No. 38). Pursuant to the Sixth Circuit's order, the Clerk of Court docketed Petitioner's new habeas corpus petition as civil case no. 1:24-cv-01189-STA-jay.  Petitioner, whose Tennessee Department of Correction prisoner number is 504214, is currently incarcerated at the Morgan County Correctional Complex ("MCCC") in Wartburg, Tennessee. *See* Tennessee Felony Offender Information Lookup, https://apps.tn.gov/foil/search.jsp (last visited Oct. 29, 2025). After Petitioner paid the habeas filing fee, the Court appointed counsel to represent Petitioner and entered an order directing Petitioner to file an amended § 2254 petition. (ECF Nos. 10 & 11.)  On November 19, 2024, the Court granted Petitioner's motion to extend the deadline for his amended § 2254 Petition to February 18, 2025.  (ECF No. 13.)  On February 26, 2025, the Court granted Petitioner's

1

unopposed motion to stay. (ECF No. 15.)

On September 12, 2025, the Court granted Petitioner's unopposed motion to accept late filed notice and extension of time to file or amend his second or successive § 2254 Petition. (ECF No. 19.) On October 14, 2025, Petitioner filed his Second or Successive § 2254 Petition. (ECF No. 20.) On October 15, 2025, the Court ordered Respondent to file the record and respond to the § 2254 Petition. (ECF No. 22.) On October 15, 2025, Petitioner filed a pro se Emergency Motion to Remove Counsel. (the "Emergency Motion", ECF No. 21.) On October 28, 2025, the Court entered an order lifting the stay. (ECF No. 24.) On October 29, 2025, the Court ordered counsel for Petitioner to respond to the Emergency Motion. (ECF No. 25.) On November 3, 2025, Petitioner filed a *pro se* Motion for Release on Bond Pending Resolution of Authorization Successive Habeas Corpus Petition. (the "Motion for Bond", ECF No. 26.) On November 3, 2025, counsel for Petitioner filed a Response to Emergency Motion and Motion to Withdraw as Counsel. (ECF No. 28.)

I. **EMERGENCY MOTION AND MOTION TO WITHDRAW AS COUNSEL (ECF NOS. 21 & 28)**

This Court, having considered the Emergency Motion and counsel's Response to Emergency Motion and Motion to Withdraw as Counsel, finds good cause to grant counsel leave to withdraw as counsel for Petitioner. The Emergency Motion and the Motion to Withdraw as Counsel are **GRANTED**. The matter of appointment of new counsel to represent Petitioner is hereby referred to the United States Magistrate Judge for determination.

II. **PRO SE MOTION FOR BOND (ECF NO. 26)**

Typically, a litigant who is represented by counsel has no constitutional right to demand that the Court simultaneously consider *pro se* arguments, pleadings, or motions. *See United States v. Flowers*, 428 F. App'x 526, 530 (6th Cir. 2011) (there is "no right hybrid representation");

2

*United States v. Mosely*, 810 F.2d 93, 98 (6th Cir. 1987). Given the circumstances in this matter that counsel for Petitioner has been allowed to withdraw, the Court will reach the merits of Petitioner's *pro se* Motion for Bond. Petitioner argues that his habeas claims "are substantial and likely to succeed" and that extraordinary circumstances exist for relief in the form of a "serious medical condition" that includes "signs of nausea[,] vomiting blood[,] chest pains[, and] swelling[.]" (ECF No. 26 at PageID 146.)

Release pending an appeal from the denial of habeas relief is governed by Federal Rule of Appellate Procedure 23(b). *United States v. Cornish*, 89 F. App'x 569, 570 (6th Cir. 2004). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (alteration in original) (quoting *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers)). The Sixth Circuit has observed that "[t]here will be few occasions where a prisoner will meet this standard." *Id.;* s*ee Ostrer v. United States*, 584 F.2d 594, 599 (2d Cir. 1978) (noting that a habeas petitioner seeking bail is on much weaker footing than a "pretrial accused who is presumptively innocent" or even a "convicted defendant on direct appeal").

Regardless of whether his Second or Successive § 2254 Petition presents a substantial claim of law, Cole has not demonstrated that exceptional circumstances and the interests of justice warrant relief. *See Jones v. Eller*, No. 22-5143, 2023 WL 5499856, at *1 (6th Cir. May 9, 2023) (concluding inmate failed to demonstrate exceptional circumstances where he had "contracted COVID-19 and has a lingering upper respiratory infection, [and had] not provided the court with any detailed documentation that would show that he faces a particular risk of grave harm."); s*ee*

*Pouncy v. Palmer*, 993 F.3d 461, 464 (6th Cir. 2021) (concluding that "[t]he district court did not exceed its discretion in finding that the pandemic alone did not amount to an exceptional circumstance").

Applying the two-prong test in *Dotson*, this Court does not find a substantial claim on the merits of the petition or exceptional circumstances warranting special treatment in the interest of justice. The Motion for Bond is **DENIED**.

**IT IS SO ORDERED**.

        **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: November 10, 2025