IN THE UNITED DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

DEMARCUS KENYON COLE,

    Petitioner,

v.                                                Case No. 1:24-cr-01189-STA

SHAWN PHILLIPS,

    Respondent.

**RENEWED MOTION FOR BOND WHILE HABEAS PETITION IS PENDING**

    Mr. Cole files this Renewed, or Second, Motion for a Bond while his habeas petition pends before this Honorable Court. In support, he states as follows:

**Introduction**

    After the Sixth Circuit granted Mr. Cole leave to file a Second Habeas Petition given substantial changes in evidence and claims at law, Mr. Cole filed a Second Habeas Petition and an incomplete, *pro se*, Motion for Bond pending this Honorable Court's consideration of his Petition. *See In re: Demarcus Cole*, Case No. 24-5206, Order Granting Leave to File Second Habeas Petition (6th Cir. Aug. 30, 2024) (attached hereto as Exhibit A); *see also* ECF 26 (*pro se* Motion for Bond Pending Habeas Petition Determination). This Honorable Court denied Mr. Cole's *pro se* motion based upon his incomplete filing. *See* ECF 29. Upon review of the record, Mr. Cole now brings this renewed motion.

## Law & Argument

"Bond pending the resolution of a habeas petition requires not only a substantial claim of law based on the facts but some exceptional circumstance that warrants special treatment in the interests of justice." *Mahan v. Douglas*, 643 F.Supp.3d 783, 784-85 (E.D. Mich. 2022)(internal citation and quotations omitted). The issues are within the District Court's discretion. *Id.* (citing *Nash v. Eberlin*, 437 F.3d 519, 526 n. 10 (6th Cir. 2006).

I. The Substantial Claim of Law

A substantial claim of law is one where there is some evidence of innocence, albeit, even opprobrious *Brady* violations may rise to such a threshold. *Id.* (collecting cases). Here, the Sixth Circuit found prima facia evidence of serious *Brady* violations. *See* Exhibit A ("Williams and Poston averred in 2024 that their testimonies were false…if he can prove that Williams and Poston, two key witnesses, fabricated their testimonies and were pressured by the prosecution to do so, and that prosecution declined to disclose a police report regarding Poston's cooperation, he can establish that these alleged constitutional violations occurred"). What's more is Mr. Cole's presented evidence of Mr. Hurd's exonerating affidavit. *See* ECF 20, PID#127. The actual innocence claim by Mr. Hurd alone is sufficient to merit a substantial claim of law. *Puertas v. Overton*, 272 F.Supp.2d 621, 630 (E.D. Mich. 2003). Yet here, an actual innocence claim coupled with serious *Brady* violations very cleanly pushes any doubt over the line – Mr. Cole meets the requirements for a sufficient claim of law. *Id.*; *see also Mahan v. Douglas*, 643 F.Supp.3d at 785; *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

## II. Exceptional Circumstances

This is where Mr. Cole's claims become more difficult, yet he still meets the requirements herein. Generally, there must be significant circumstances to warrant bail. *Mahan*, 643 F.Supp.3d at 785 (citing *Puertas*, 272 F.Supp.2d at 629). Things like Covid-19 sickness and treatment don't meet such a threshold. In his previous motion, Mr. Cole did not include medical notes, information about his treating physician, nor any other medical information. Mr. Cole now provides a note from his treating physician Dr. Kelly Cline (attached hereto as Exhibit B). Mr. Cole suffers from Bladder Cancer. *See* Exhibit B. He is in remission at this time, however, he suffers from issues related to the prior course of treatment from that cancer and still requires surgical biopsies – which require long periods of recuperation. And, as Dr. Cline notes, Mr. Cole's type of cancer has a very strong likelihood of recurrence and Morgan County Correctional Center lacks many of the means to successful treat Mr. Cole – especially if a biopsy recovery is difficult.[1] Mr. Cole believes his medical ailments, in conjunction with his substantial claims of law, arise to the level of permissible bond.

---

[1] Counsel for Mr. Cole is having trouble getting the full medical files – Counsel tried sending a HIPAA authorization, but has not heard back from Morgan County Correctional. Counsel did speak briefly to a nurse or medical assistant at the facility who disclosed some information, including that Mr. Cole had been moved from Trousdale, and other facilities, to Morgan because it had better, more capable caretaking and medical facilities but even Morgan County would struggle to fully treat Mr. Cole should his biopsies, recovery and potential recurrence accelerate. Regarding the latent TB in Dr. Cline's note, Counsel does not believe that TB alone rises to a significant level and further believes that the Morgan County facility has the capabilities to care for that ailment. However, Counsel is quite concerned that Mr. Cole is continuing to suffer – especially bloody vomiting and swelling- that has not been diagnosed given his underlying health conditions. While Bladder Cancer is not a death sentence if caught early, it must be regularly treated and screened for, which the facilities lack the ability to do. Startlingly, Mr. Cole is very young to have Bladder Cancer (having suffered from it since he was at least 37); generally, when that happens, a patient usually sees an oncologist specialist at a place like West Cancer Center at least twice a year for screenings, care, and diagnostic testing.

*III. Potential Steps while Matter Pends*

Mr. Cole is not a flight risk given his family is in Tennessee and he requires regular medical care and attention. Mr. Cole would ask for the equivalent of an R&R Bond, however, to potentially assuage the State and this Honorable Court, Mr. Cole would certainly be open to enhanced monitoring, home detention, and/or reporting so that his whereabouts are known.

## Conclusion

Mr. Cole meets the *Dotson* requirements for exceptional circumstances to warrant bail while his Habeas Petition pends, and he would request that this Honorable Court grant his request and impose conditions for his relief as deemed appropriate.

Respectfully submitted,


/s/ Brian Daniel Mounce_____
Brian Daniel Mounce          BPR No. 39545
Burch, Porter & Johnson
130 N. Court Ave.,
Memphis, TN 38103

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was sent via the Court's electronic filing system to all parties this 19th day of December, 2025. Counsel also sent the forgoing to Mr. Cole's address at Morgan County Corrections.

/s/ Brian Daniel Mounce
Brian Daniel Mounce

**CERTIFICATE OF CONSULTATION**

The undersigned spoke with counsel for the State. The State does oppose this motion. Additionally, the State requested additional time to file its response, which is currently due January 2, 2026. Counsel for Mr. Cole has no objection to this and would ask that this Honorable Court have the State's deadline for its Response due January 16, 2026.

/s/ Brian Daniel Mounce
Brian Daniel Mounce