**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| DEMARCUS KEYON COLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. 1:24-cv-01189-STA-jay** |
| | ) | |
| SHAWN PHILLIPS, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING COUNSEL TO FURNISH ADDITIONAL INFORMATION**

Before the Court is counsel Brian Mounce's Second Motion to Strike (ECF No. 64) and Second Motion to Withdraw (ECF No. 65) filed May 29, 2026. Counsel is currently appointed counsel of record for Petitioner Demarcus Keyon Cole. On May 29, 2026, the Court denied counsel's initial motion to strike and motion to withdraw without prejudice. The Court denied the initial motion to withdraw for failure to comply with Local Rule 83.5. In his Second Motion to Withdraw, counsel has stated as grounds for his request that "without waiving any other privileges, rights, or protections, Counsel raises attorney client privilege and the Tennessee rules of professional conduct . . . ." Counsel's certificate of service indicates that counsel has served a copy of the Second Motion to Withdraw on Petitioner Demarcus Keyon Cole and therefore satisfied the notice requirement for withdrawal under the Local Rules.

The Court continues to find, however, that counsel has not provided the Court with enough information to evaluate his request to withdraw. Local Rule 83.5 requires a motion to withdraw as counsel to "include the reasons requiring withdrawal." Counsel has broadly cited the Tennessee Rules of Professional Conduct and the attorney-client privilege. Rule 1.16 of the Tennessee Rules

1

of Professional Conduct sets out a number of grounds for withdrawal, some of which make withdrawal mandatory and others which only permit withdrawal of counsel. *See* Tenn. R. Prof. Conduct 1.16(a) & (b). The Second Motion to Withdraw simply refers to the Tennessee Rules of Professional Conduct without citation to any particular rule, Rule 1.16, or any of Rule 1.16's specific provisions.

Counsel also invokes the attorney-client privilege. To the extent that counsel believes the information supporting his request to withdraw is privileged and should remain confidential, "[d]ocuments supporting motions to withdraw as counsel are routinely filed under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel." *Sabre Int'l Security v. Torres Advanced Enterpr. Solutions, LLC*, 219 F.Supp.3d 155, 158 (D.D.C. 2016) (collecting cases). A mechanism therefore exists which would allow counsel to support his request for withdrawal without breaching his duty to keep privileged information confidential.

Under the circumstances, counsel is directed to file an affidavit containing a statement of reasons supporting his request to withdraw with citation to the appropriate provisions of Tennessee Rule of Professional Conduct. Counsel's affidavit and any other supporting materials should be filed under seal and *ex parte* for the Court to review *in camera*, to the extent necessary to preserve the confidentiality of any privileged information. Counsel's affidavit is due within 7 days of the entry of this order.

**IT IS SO ORDERED** this 1st day of June, 2026.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

2