**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

**DEMARCUS KEYON COLE,**

**Petitioner,**

**v.** **No. 1:24-cv-01189-STA-jay**

**SHAWN PHILLIPS,**

**Respondent.**

---

**ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILITY (ECF NO. 96)**

---

In August 2024, the United States Court of Appeals for the Sixth Circuit granted Petitioner Demarcus Keyon Cole authorization to file a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising claims that the prosecution coerced Kyneshia Williams, Cole's former girlfriend, into testifying falsely, in violation of *Napue v. Illinois*, 360 U.S. 264 (1959), and withheld evidence that LeGraine Poston testified because he was seeking leniency on pending charges, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (ECF No. 1-1 at PageID 65.) The Sixth Circuit opined,

> If [Cole] can prove that Williams and Poston, two key witnesses, fabricated their testimonies and were pressured by the prosecution to do so, and that the prosecution declined to disclose a police report regarding Poston's cooperation, he can establish that these alleged constitutional violations occurred.

(*Id.* at PageID 66.)

Cole, through appointed counsel, filed a second or successive habeas petition.[1] (ECF No. 20 (the "Second § 2254 Petition").) On August 19, 2026, the Court denied the Second § 2254

---

[1] The Court appointed three different counsel for Cole during the course of these proceedings. (*See* ECF Nos. 10, 31 & 68.)

Petition, denied any pending motions as moot, and denied a certificate of appealability ("COA"). (ECF No. 89.) The Court entered judgment the same day. (ECF No. 90.)

Cole appealed the Court's judgment. (ECF No. 91.) On September 15, 2026, he filed a motion for a COA before the Sixth Circuit which is still pending. (*See* Case No. 26-5762, Doc. 8 (6th Cir. Sept. 15, 2026).

On October 6, 2026, in this Court, Cole filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (*See* Civ. No. 24-1189, ECF No. 94 (the "Rule 60(b) Motion").) On October 8, 2026, the Court denied the Rule 60(b) Motion and noted that Cole could raise his arguments for relief as part of his pending appeal. (ECF No. 95.)

Then, on October 28, 2026, Cole filed the instant motion in this Court seeking a COA "to appeal the denial-dismissal of his petition for writ of habeas corpus relief." (ECF No. 96 at PageID 2390.) Cole, however, focuses his reasons for requesting a COA on the Court's denial of his Rule 60(b) Motion. (*Id.* at PageID 2391 ("Rule 60(b) raises challenges to the integrity of the Habeas proceedings."). Cole suggests that the Court "clearly was biased and failed to consider all relevant facts in its ruling and improperly determined issues where defaulted." (*Id.*) Cole faults the Court for not "address[ing] the issues to enable effective appellate review[] [b]ecause of the [b]ias and hate toward [him] for being a black inmate." (*Id.*)

A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on

procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

To the extent Cole seeks a COA to appeal the denial of his Second § 2254 Petition, the Court has already denied a COA for the reasons set forth in its August 19, 2026, order (*see ECF* No. 89), and there is a pending motion for COA at the Sixth Circuit.

With regard to a COA for the Rule 60(b) Motion, as the Court previously told Cole, "[a] Rule 60(b) motion is neither a substitute for, nor a supplement to, an appeal." *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 373 (6th Cir. 2007). Jurists of reason would not debate whether Cole can raise the arguments asserted in his Rule 60(b) Motion on appeal or that the issues presented are not adequate to deserve encouragement to proceed further. As a procedural matter, jurists of reason would not debate the correctness of the Court's ruling. Accordingly, Cole's motion for a certificate of appealability (ECF No. 96) is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: October 29, 2026